IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTHONY WOODS, )
)
Plaintiff, )
)
v. ) Case No. 14 C 5800
)
C.B.S. BROADCASTING, et al., )
)
Defendants. )

## MEMORANDUM ORDER

Pro se prisoner litigant Anthony Woods ("Woods") persists in his continued abuse of the federal judicial system -- a course of action that began in an earlier lawsuit (Case No. 14 C 1795) assigned to this Court's colleague Honorable Edmund Chang, that then continued with the filing of other lawsuits referred to later in this memorandum order, and that most recently involved Woods' frivolous effort in this action to assert federal subject matter jurisdiction under 42 U.S.C. § 1983 ("Section 1983"). In that last respect this Court's two-page memorandum order issued on August 5, 2015 dismissed both Woods' Complaint and this action because "[f]ederal subject matter jurisdiction is totally lacking."

That however was not the end of the matter for Woods, for just two weeks later (on August 19, 2014) this Court was compelled to issue a second memorandum order, the opening paragraph of which concluded with this sentence:

> Nothing daunted, Woods promptly submitted what he has characterized as an Amended Complaint against the same defendants, employing the same case number and the same printed Complaint form that the Clerk's Office makes available to prisoners who claim violations of their constitutional rights.

That memorandum order concluded by striking the Amended Complaint for lack of subject matter jurisdiction and stated the likelihood of Woods having "accumulated his third 'strike' under 28 U.S.C. § 1915(g)."

Now, more than a year after that truly final action by this Court, Woods has emerged from the woodwork[1] with a self-prepared "Motion To Reconsider Strikes" that asks for the reconsideration not only of this lawsuit's dismissal and Judge Chang's earlier dismissal in Case No. 14 C 1795 but also of three other lawsuits that Woods had brought during 2014 and that had been assigned at random to other colleagues of this Court: Case No. 14 C 1796, Woods v. Sullivan (assigned to Honorable John Darrah); Case No. 14 C 5689, Woods v. McHale (assigned to Honorable Manish Shah); and Case No. 14 C 5945, Woods v. C.B.S. Broadcasting Company (assigned to Honorable Joan Gottschall). This Court has obtained the docket printouts for those other three lawsuits, and those dockets reflect the following information:

1. Case No. 14 C 1796 was terminated by Judge Darrah on November 3, 2014 (Dkt. No. 7).

2. Case No. 14 C 5689 was terminated by Judge Shah on August 12, 2014 (Dkt. No. 4), and something over six weeks later (on September 26) Judge Shah treated a letter that Woods had transmitted to the District Court as a Fed. R. Civ. P. ("Rule") 59(e) motion to alter or amend the dismissal order and denied that motion (Dkt. No. 9), so that the action remained closed.

---

[1] Bad pun intended.

3. In Case No. 14 C 5945 Judge Gottschall entered an August 22, 2014 order of dismissal (Dkt. No. 4) as duplicative of Judge Chang's Case No. 14 C 1795 and this Court's Case No. 14 C 5800.

It is painfully apparent (1) that Woods' current effort is far out of time in terms of the nonextendable 28-day period provided for in Rule 59(e) and (2) that the motion also does not qualify for relief under any of the subparts of Rule 60(b). Accordingly Woods' motion to reconsider is denied as to all five of the cases referred to in his current filing. And that denial of reconsideration extends to the "strike" and "three strikes" rulings by this Court and its colleagues in its and their application of 28 U.S.C. § 1915(g).

_____
Milton I. Shadur
Senior United States District Judge

Date: October 26, 2015